IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Venkata Govinda Varma Danduprolu,<br><br>Plaintiff,<br><br>v.<br><br>Alejandro Nicholas Mayorkas, et al.,<br><br>Defendants. | No. CV 23-02157-PHX-MTM<br><br>**REPORT AND RECOMMENDATION** |

      TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

**I.**    **Summary of Conclusion**

      This matter is before the Court on its own review.[1] Plaintiff failed to effect service on Defendants and the service deadline has expired. Accordingly, the Court will

---

[1] General Order 21-25 states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

recommend that Plaintiff's claims against Defendants be dismissed without prejudice under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

## II.  Background

On October 17, 2023, Plaintiff, appearing pro se, filed a Complaint seeking "an order compelling Defendants to adjudicate his pending I-485 application for adjustment of status, or lawful permanent residency." (Doc. 1.) On January 25, 2024, the Court issued an Order noting that none of the Defendants have not been served in this matter, and requiring Plaintiff to show cause why this matter should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m). (Doc. 10.) On January 30, 2024, Plaintiff responded to the Court's Order with a letter indicating that the Summons and Complaint were sent via certified mail within 90 days of the filing of the Complaint. (Doc. 11.)

However, the Court's review of Plaintiff's letter and proof of service revealed that he failed to comply with Rule 4(i) of the Federal Rules of Civil Procedure, which sets forth the requirements for serving the United States and its agencies, corporations, officers, or employees. *See* Fed. R. Civ. P. 4(i). Accordingly, on April 8, 2024, the Court issued a second Order requiring Plaintiff to show cause why this action should not be dismissed for failure to serve. (Doc. 12.) Plaintiff responded to the Court's Order on April 22, 2024, stating, among other things, that "Defendants have clearly been served." (Doc. 13.)

## III.  Discussion

### a.  Rule 4(m)

As an initial matter, Plaintiff has failed to timely serve Defendants under Rule 4(m) of the Federal Rules of Civil Procedure, which requires that service be completed within 90 days of the date the complaint was filed.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee.

Fed. R. Civ. P. 4(m).

> Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

*Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, although Plaintiff claims that the "applicable Summons and Complaint were sent via certified mail and received by the Defendants on November 15, 2023 and November 29, 2023," service on the United States and its agencies, corporations, officers, or employees pursuant to Rule 4(i) of the Federal Rules of Civil Procedure requires more. The Court has given Plaintiff a reasonable amount of time to comply with the federal rules and he has failed to do so. Accordingly, the Court will recommend the action be dismissed without prejudice for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure.

    **b.**    **Rule 41(b)**

Plaintiff's action may also be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with this Court's Orders. Rule 41(b) of the Federal Rules of Civil Procedure provides, "[i]f the plaintiff fails to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to effect service on Defendants as directed, prevents the case from proceeding against them in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed on two separate occasions, and advised Plaintiff that he failed to comply with Rule 4(i) of the Federal Rules of Civil Procedure. Yet, the docket does not reflect that Plaintiff has completed service in compliance with the federal rules.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will recommend dismissal of this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint (doc. 1) be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of May, 2024.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge